**LI WEN ZHUO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–72842.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 23, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Marcus Ellis, Gretna, LA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM **

Li Wen Zhuo, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming without opinion an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction un-

der 8 U.S.C. § 1252. We review an adverse credibility determination for substantial evidence. *Salaam v. INS*, 229 F.3d 1234, 1237–38 (9th Cir.2000) (per curiam). We deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because Zhuo made false statements during her testimony that go to the heart of her asylum claim. *See Ceballos–Castillo v. INS*, 904 F.2d 519, 520 (9th Cir.1990) (finding that substantial evidence supported adverse credibility determination where petitioners' misstatements were not incidental and went to heart of asylum claim). During her testimony, Zhuo denied ever having told INS officials that she had been raped or that she wanted an abortion. When confronted with rebuttal evidence at her second hearing, however, she admitted that she had told INS officials that she had been raped and that she wanted an abortion. The IJ thus provided a "specific and cogent" reason for the adverse credibility finding. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003).

We do not reach Zhuo's application for withholding of removal and relief under the Convention Against Torture because she did not raise these claims before either the BIA or this Court. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.